1

2

3

4

5

6

7

8

9                    UNITED STATES DISTRICT COURT

10        CENTRAL DISTRICT OF CALIFORNIA- EASTERN DIVISION

11

12

13

14

15  STEVEN HILD,                      )      No. EDCV 06-953 SH
                                      )
16                    Plaintiff,      )      MEMORANDUM DECISION
                                      )
17            v.                      )
                                      )
18  MICHAEL J. ASTRUE,                )
    Commissioner of Social Security   )
19  Administration,                   )
                                      )
20                    Defendant,      )
                                      )
21  _____  )

22                      I. <u>PROCEEDINGS</u>

23        Plaintiff filed a Complaint on August 29, 2006, seeking review of the

24  decision by the Commissioner of the Social Security Administration denying

25  Supplemental Security Income (SSI) payments.  By October 12, 2006, both parties

26  consented to proceed before United States Magistrate Judge Stephen J. Hillman.

27  Defendant filed an Answer on January 16, 2007.  The parties filed a Joint

28  Stipulation on May 4, 2007.  The matter has been taken under submission.

## II.  BACKGROUND

Plaintiff has filed seven prior applications for SSI payments.  Plaintiff filed the current application for SSI payments on January 30, 2004, alleging that he was unable to work due to stroke, seizures, breathing problems, depression, and a back condition.  The Social Security Administration denied his claim.  Thereafter, the plaintiff filed a request for reconsideration, which was denied.  Plaintiff was afforded a hearing before an Administrative Law Judge (ALJ) on October 3, 2005.

In his decision, the ALJ found that the plaintiff retains the residual functional capacity to do light exertional work with some nonexertional limitations.  (AR 24).  Thus, the ALJ concluded that the plaintiff had not been under a "disability" at any time from January 30, 2004, through the date of his decision, and denied plaintiff's claim for SSI benefits.  (AR 25).

On January 19, 2006, the plaintiff sought review by the Appeals Council, which denied plaintiff's request for review.  This action followed.

## III.  DISCUSSION

Under 42 U.S.C. § 405(g), this court reviews the Commissioner's decision to determine if: (1) the Commissioner's findings are supported by substantial evidence; and (2) the Commissioner used proper legal standards.  DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991).  Substantial evidence means "more than a mere scintilla", Richardson v. Perales, 402 U.S. 389, 401 (1971), but "less than a preponderance."  Desrosiers v. Secretary of Health & Human Servs., 846 F.2d 573, 576 (9th Cir. 1988).  This court cannot disturb the Commissioner's findings if those findings are supported by substantial evidence, even though other evidence may exist which supports plaintiff's claim.  See Torske v. Richardson, 484 F.2d 59, 60 (9th Cir. 1973), cert. denied, Torske v. Weinberger, 417 U.S. 933 (1974); Harvey v. Richardson, 451 F.2d 589, 590 (9th Cir. 1971).

It is the duty of this court to review the record as a whole and to consider adverse as well as supporting evidence.  Green v. Heckler, 803 F.2d 528, 529-30

1  (9th Cir. 1986).  The court is required to uphold the decision of the Commissioner

2  where evidence is susceptible of more than one rational interpretation.  <u>Gallant v.</u>

3  <u>Heckler</u>, 753 F.2d 1450, 1453 (9th Cir. 1999).

4        Plaintiff first contends that the ALJ did not properly consider the treating

5  physicians' opinions of disability.  Plaintiff alludes to medical reports from Dr.

6  Donald Underwood and two other physicians, whose names are illegible, from the

7  San Bernardino County Transitional Assistance Department (SBCTAD).  In his

8  medical report dated on February 19, 2003, Dr. Underwood diagnosed the plaintiff

9  with "proximal femur & surgery" on the left hip with internal fixation.  (AR 600).

10  He also stated that the plaintiff had a fracture fragment that "could be causing

11  pain," and that the plaintiff was temporarily disabled from February 19, 2003, to

12  March 19, 2003.  (AR 600).  On February 27, 2003, a different physician's medical

13  report indicated that the plaintiff has "Lumbar Discopathy," that the plaintiff was

14  temporarily disabled from February 27, 2003, to March 27, 2003, and that the

15  plaintiff has limitations of "no lifting greater than 15 lbs., no recurrent bending or

16  stooping."  (AR 598).  Lastly, the plaintiff refers to another physician's medical

17  report made on March 26, 2003.  This physician diagnosed the plaintiff with

18  "lumbar discopathy - prognosis for working poor," and indicated that the plaintiff

19  was permanently incapacitated, and cannot perform any work.  (AR 599).

20        Defendant contends that the ALJ properly disregarded the SBCTAD

21  physicians' medical reports in favor of the physicians' opinions of Drs. Moore,

22  Maze, and Ella-Tamayo.  The court agrees with the defendant.

23        It is true that a treating physician's opinion is entitled to greater weight than

24  that of an examining physician.  <u>Magallanes v. Bowen</u>, 881 F.2d 747, 751 (9th Cir.

25  1989), citing <u>Sprague v. Bowen</u>, 812 F.2d 1226, 1230 (9th Cir. 1987).  "The

26  treating physician's opinion is not, however, necessarily conclusive as to either a

27  physical condition or the ultimate issue of disability."  <u>Magallanes v. Bowen</u>, 881

28  F.2d at 751, citing <u>Rodriguez v. Bowen</u>, 876 F.2d 759, 761-62 n.7 (9th Cir. 1989).

1   The weight given a treating physician's opinion depends on whether it is supported

2   by sufficient medical data and is consistent with other evidence in the records.  20

3   C.F.R. § 416.927 (2004).  Moreover, the ALJ is not obligated to accept the

4   opinions of a treating physician.  "The [Commissioner] may disregard the treating

5   physician's opinion whether or not that opinion is contradicted."  Magallanes v.

6   Bowen, 881 F.2d at 751, citing Cotton v. Bowen, 799 F.2d 1403, 1408 (9th Cir.

7   1986).  Where the opinion of the claimant's treating physician is contradicted, and

8   the opinion of a nontreating source is based on independent clinical findings that

9   differ from those of the treating physician, the opinion of the nontreating source

10  may itself be substantial evidence.  Andrews v. Shalala, 53 F.3d 1035, 1041 (9th

11  Cir. 1995).  "It is then solely the province of the ALJ to resolve the conflict."  Id.

12        Here, the ALJ properly gave more weight to the opinions from consulting

13  neurologists, Robert A. Moore, M.D., who evaluated the plaintiff on March 10,

14  2003, and Sarah L. Maze, M.D., who evaluated the plaintiff on May 26, 2004.

15  Both doctors' opinions may be considered substantial evidence as they were based

16  on independent clinical findings; each conducted a neurological examination, as

17  well as ordered a radiology report.  Dr. Moore diagnosed the plaintiff with left hip

18  fracture, status post open reduction and internal fixation, and biomechanical low

19  back pain.  In addition, he found that the plaintiff "has full use for pushing, pulling,

20  operating hand controls and using tools," as well as no neurological limitations in

21  terms of lifting and carrying.  (AR 604).  Dr. Maze noted that the plaintiff has

22  chronic lower back pain, and concluded that "because he [the plaintiff] has

23  sustained a left hip fracture and has questionable reduction in motion of the lumbar

24  spine, the patient [plaintiff] would be able to occasionally lift no more than 50

25  pounds and frequently lift no more than 20-25 pounds," and is "precluded from

26  repetitive bending, squatting, and stooping."  (AR 666-67).  Dr. Maze also found

27  that the plaintiff "is able to perform fine motor activities with his arms and legs."

28  (AR 667).  Since the opinions of Drs. Moore and Maze were supported by clinical

1    tests and observation upon examination, the opinions amounted to substantial

2    medical evidence and were properly relied upon by the ALJ in order to determine

3    the claimant's residual functional capacity (RFC).

4            In addition, the medical records from what appears to be the treating

5    physicians do not support a finding of disability.  If the treating records are old, or

6    not detailed, or if the treating doctor's ultimate opinion isn't supported by his

7    progress notes, the ALJ is not required to give substantial weight to the treating

8    doctor's opinion.  See Rollins v. Massanari, 261 F.3d 853, 856 (9th Cir. 2001)

9    (ALJ permissibly rejected treating physician's opinion when opinion was

10   contradicted by or inconsistent with the treatment reports).  The ALJ indicated that

11   he gave little weight to the assessment form entitled, "Medical Opinion Re: Ability

12   to Do Work-Related Activities (Physical)," which was signed on October 12, 2004,

13   by a medical provider from the IBHS Community Health Care Clinic, stating that

14   the progress notes from January 15, 2003, and February 14, 2003, "do not support

15   the level of impairment endorsed in the assessment."  (AR 20).  Specifically, the

16   ALJ noted that the January 15, 2003, exam reported the plaintiff had lumbar spine

17   strain sprain which was only notable for back tenderness.  The ALJ also noted that

18   the February 14, 2003, exam reported that the plaintiff asked his "treating source to

19   be placed on disability, and that the plaintiff "must show by X-ray or ortho consult

20   that he is deserving of disability."  (AR 20, 689-690).  "However, no objective

21   findings were indicated on exam."  (AR 20).  Therefore, the ALJ properly found

22   that the treating physicians' medical records do not support the finding of a

23   disability.  Furthermore, in giving "more weight to the well-supported opinions" of

24   the examining physicians, Drs. Moore and Maze, the ALJ found that "none of

25   these sources support the level of functional impairment indicated in the

26   assessment" titled, "Medical Opinion Re: Ability to Do Work-Related Activities

27   (Physical)."  Id.

28            The plaintiff also argues that the ALJ did not pose a complete hypothetical

1  to the vocational expert because the ALJ failed to incorporate the physical

2  impairments and functional limitations, particularly the comment, "prognosis for

3  working poor," as opined by the SBCTAD physician.  (AR 599).  In order for the

4  vocational expert's testimony to constitute substantial evidence, the hypothetical

5  question posed must "consider all of the claimant's limitations."  Andrews, 53 F.3d

6  at 1044.  However, the ALJ is not required to include limitations for which there

7  was no substantial evidence.  See Osenbrock v. Apfel, 240 F.3d 1157, 1164-65

8  (9th Cir. 2001) (ALJ not bound to accept as true the restrictions set forth in the

9  hypothetical if they were not supported by substantial evidence).  Since the ALJ

10  properly disregarded the medical reports by Dr. Underwood and the other

11  physicians from the SBCTAD, and gave more weight to the opinions of Drs.

12  Moore and Maze, the ALJ was not required to include the limitations noted on the

13  medical reports by the physicians from the SBCTAD.

14      Plaintiff's final contention is that the ALJ did not make proper credibility

15  findings because the ALJ's credibility analysis was insufficient and inadequate,

16  and did not provide 'clear and convincing' reasons for rejecting the plaintiff's

17  subjective complaints.  Defendant argues that the ALJ did make proper credibility

18  findings by carefully considering the medical records, and by providing

19  sufficiently specific reasons for discrediting the plaintiff's testimony of disabling

20  pain.

21      The court finds that the ALJ made proper credibility findings, and

22  satisfactorily delineated why he found the plaintiff not credible.  "An ALJ cannot

23  be required to believe every allegation of disabling pain, or else disability benefits

24  would be available for the asking, a result plainly contrary to 42 U.S.C. §

25  423(d)(5)(A)."  Fair v. Bowen, 885 F.2d 597, 603 (9th Cir. 1989).  The

26  Commissioner's assessment of plaintiff's credibility should be given great weight.

27  Nyman v. Heckler, 779 F.2d 528, 531 (9th Cir. 1985).  Even though a finding that

28  the claimant lacks credibility cannot be solely based on a lack of objective medical

1   support for the severity of pain, a finding that the claimant generally lacks
2   credibility is a permissible basis upon which an ALJ may reject excess pain
3   testimony.  Morgan v. Apfel, 99 D.A.R. 1855, 1856 (9th Cir.(Or.)Feb. 25,
4   1999)(citations omitted).  Here, the ALJ found not only that "The weight of the
5   objective evidence does not support the claimant's claims of disabling limitations
6   to the degree alleged," but also that "the claimant's demeanor as a witness at
7   hearing was poor; he did not tell a consistent story."  (AR 22).

8        Moreover, if the Commissioner chooses to disregard plaintiff's testimony,
9   the Commissioner must set forth specific cogent reasons for disbelieving it.  Lewin
10  v. Schweiker, 654 F.2d 631, 635 (9th Cir. 1981).  The Commissioner's findings,
11  properly supported by the record, must be sufficiently specific to allow a reviewing
12  court to conclude that the Commissioner rejected plaintiff's testimony on
13  permissible grounds and did not arbitrarily discredit plaintiff's testimony regarding
14  pain.  General findings are insufficient.  Reddick v. Chater, 157 F.3d 715, 722 (9th
15  Cir. 1998); Lester v. Chater, 81 F.3d 821, 834 (9th Cir. 1996)(citations omitted).
16  Rather, "the ALJ must specifically identify what testimony is credible and what
17  testimony undermines the claimant's complaints."  Morgan, 99 D.A.R. at 1856.

18       Here, the ALJ cited specific reasons as to why he found the plaintiff's
19  subjective allegations not fully credible.  In evaluating credibility, the ALJ may
20  consider the claimant's reputation for truthfulness, inconsistencies within the
21  claimant's testimony or as between his testimony and conduct, the claimant's daily
22  activities, work history, as well as testimony from physicians or third parties
23  concerning the nature, severity, and effect on the symptoms of which the claimant
24  complains.  Light v. Social Sec. Admin., 119 F.3d 789, 792 (9th Cir. 1997)
25  (citations omitted).

26       The ALJ found that "the weight of the objective evidence does not support
27  the claimant's claims of disability limitations to the degree alleged."  (AR 22).
28  Plaintiff's self-serving statements may be disregarded if unsupported by objective

1   evidence.  <u>Bellamy v. Secretary of Health & Human Servs.</u>, 755 F.2d 1380, 1382

2   (9th Cir. 1985).  The ALJ also specifically refers to the reports from Dr. Ella-

3   Tamayo, an internist; Dr. Moore, a neurologist; and Dr. Maze, another neurologist.

4   The ALJ found that Dr. Tamayo evaluated the plaintiff in February 2002, and

5   concluded that he could do light level work.  (AR 21, 485-90).  Dr. Moore

6   evaluated the plaintiff in March 2003, and concluded that the plaintiff could work

7   without any specific exertional limits and nonexertional limits.  (AR 21, 601-04).

8   In addition, Dr. Maze determined that the plaintiff could do even medium level

9   work.  (AR 21, 664-67).   Moreover, the ALJ also noted that despite the plaintiff's

10  allegations of "disabling fatigue and weakness, he does not exhibit any significant

11  atrophy, loss of strength, or difficulty moving."  (AR 22).

12          Furthermore, the ALJ found that the plaintiff "has painted a picture of a

13  person who is more disabled than he actually is," specifically pointing out that the

14  plaintiff uses a walker and cane when no physician has prescribed a walker, cane or

15  other assistive device, and that there is no objective support for the use of any

16  assistive device.  (AR 21).  The ALJ points out that Dr. Maze stated that there were

17  "no clinical findings warranting the use of a cane and observed that the claimant

18  actually ambulated better without the use of a cane."  <u>Id.</u>  Conservative or

19  infrequent treatment may be used by the ALJ to refute allegations of disabling

20  pain, <u>see</u> <u>Johnson v. Shalala</u>, 60 F.3d 1428, 1434 (9th Cir. 1995), and the ALJ

21  determined that the plaintiff's "course of treatment has largely reflected a

22  conservative approach."  (AR 22).

23           Although disability claimants should not be penalized for trying to lead

24  normal lives despite their limitations, when the level of their activities are

25  inconsistent with their claimed limitations, those activities have bearing on the

26  claimants' credibility.  <u>Reddick</u>, 157 F.3d at 722.  Here, the ALJ also found the

27  plaintiff not credible because the plaintiff "is able to independently manage his

28  own transportation and gets around by the bus," and because the plaintiff's

1   "activities of daily living belie his allegations of total disability.  He goes out to

2   look for food and for ways of making money.  He scavenges items to sell."  (AR

3   21).  During the hearing, when the ALJ inquired about the plaintiff's daily life

4   during the year and a half that he was living in a tin shed, the ALJ specifically

5   asked what the plaintiff was doing during the normal daylight hours when he was

6   not in the house.  In response, the plaintiff stated that he was outside trying to find

7   some way of making some money:  "I'd pick up some, you know, when I go

8   somewhere, I'd pick up something that, you know, someone threw away or

9   whatever and try to sell it but I, you know, didn't do any good at it.  I'd put it in the

10  green sheet and it didn't do any good."  (AR 718-19).

11          Therefore, the ALJ gave sufficient reasons to discredit the testimony of the

12  plaintiff in finding that he told an inconsistent story, as well as that the pain the

13  plaintiff alleged to suffer from, did not correlate with the impairments the

14  physicians actually determined the plaintiff to have.

15                              IV.  <u>CONCLUSION</u>

16          In conclusion, the ALJ properly disregarded the SBCTAD physicians'

17  medical reports in choosing to rely on the substantial evidence provided by Drs.

18  Moore and Maze.  As a result, the ALJ was not required to include the limitations

19  noted by any of the SBCTAD physicians in a hypothetical to the vocational expert.

20  Finally, the ALJ properly assessed the plaintiff's credibility, and found it not

21  credible.

22

23

24

25

26

27                              V.  <u>ORDER</u>

28          For the foregoing reasons, the decision of the Commissioner is affirmed and

1   plaintiff's Complaint is dismissed.

2   Date: <u>June 19, 2007</u>

3

4                               _____/S/_____

5                               STEPHEN J. HILLMAN

6                               UNITED STATES MAGISTRATE JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28